## METZ v. ABNEY.

NONSUIT—ATTORNEYS—TRUSTEES—DEMAND.—The general rule is that demand is necessary before suit by client against attorney for money collected for him, and in this case there was some evidence as to demand which should have gone to the jury; but under the agreements here, the attorneys were trustees for their client, and this relaxes the rule as to demand before suit.

Before WATTS, J., Richland, November, 1901.     Reversed.

Action by Levi Metz against B. L. Abney, Jno. P. Thomas and J. S. Verner. From order of nonsuit, plaintiff appeals.

*Mr. Wm. H. Lyles,* for appellant, cites: *Nonsuit should not have been granted on failure to prove demand and refusal, (a) because they were alleged and admitted:* 16 S. C., 585; *(b) defendants denied plaintiff's right to funds:* 9 Ency., 209; *and this dispensed with necessity of such proof:* 4 Ency. P. & P., 648. *As to contract between attorney and client: Wise* v. *Hardin,* 5 S. C., 9 L. R. A., 90; 3 Ency., 2 ed., 332-3-4, 337; *Taylor* v. *Barker,* 30 S. C.; Weeks on Attys., 542; 4 DeS., 713; 4 Rich. Eq., 165; 1 McC. Ch., 549. *Defendants being trustees, burden of proof was on them:* 2 Pom. Eq. Jur., sec. 958; 1 S. C., 184; 30 S. C., 447.

*Messrs. P. H. Nelson, Melton & Belser, Andrew Crawford, R. W. Shand* and *J. Q. Marshall,* contra. *Mr. Shand* cites: *If plaintiff desired to call defendants to account as trustees, he should have proceeded in equity:* 1 Per. on Trusts, 17, 843; 3 McC., 509; 1 Bail., 230; 6 Rich., 259. *Admissions must be taken with all qualifications:* 9 S. C., 458; 15 S. C., 268. *And all parts of letters introduced become evidence:* 1 Hill, 389; 2 Strob., 416; 2 Rich., 524; 23 S. C., 603; 36 S. C., 384; 41 S. C., 376; 1 Jones Ev., secs. 295, 296; 1 Gran. Ev., sec. 201; 19 Conn., 7; 49 Ky., 387; 55 Am. Dec., 83; 4 H. & M., 447. *Pleadings admit no demand, and its proof is necessary:* 59 S. C., 85. *There is no*

*waiver of demand, and nonsuit was hence properly granted:*
1 Hill, 222; 23 S. C., 289; 26 S. C., 258; 29 S. C., 96; 36
S. C., 400.

June 19, 1902. The opinion of the Court was deliv-
ered by

MR. JUSTICE POPE. At the conclusion of plaintiff's testi-
mony, offered at the trial of the above named action, before
his Honor, Judge Watts, and a jury, a motion for nonsuit
was made on the following grounds: "1. Because it had
not been shown that these defendants were indebted to plain-
tiff or had received for him moneys which they should ac-
count to him for. 2. Because no demand by plaintiff on
these defendants previous to action brought had been
proven." The Circuit Judge passed an order granting the
nonsuit. From this judgment on the order of nonsuit the
plaintiff now appeals.

We think the Circuit Judge was in error. It is quite true,
that a demand upon attorneys by their clients for moneys
alleged to have been collected by them for such clients before
suit, is recognized as a salutary rule. We think there was
*some* testimony here which ought to have gone to the jury,
even when this rule is upheld. Certainly the letters of the
defendants, written before suit was begun, denied that they
owed the plaintiff *anything* (in their answer they practically
did likewise). These letters were introduced by the plain-
tiff. But apart from these matters, it occurs to us that under
the agreement of November, 1894, the defendants, as to cer-
tain choses in action assigned to them by the plaintiff, became
trustees for the plaintiff, which, in our judgment, relaxed the
severity of the rule as to demand before suit. We have
refrained from any comment upon the facts of this case for
the very good reason, as it appears to us, that a new trial
must be ordered, and we would be unwilling to express any
opinion thereon lest it might affect the new trial.

It is the judgment of this Court, that the judgment of the

Circuit Court be, and is hereby, reversed, and that the action
be referred to the Circuit Court for a new trial.